QUESTION PRESENTED AND CONCLUSION
Are the statutory formulas for determining increases in levies and assessments of local governments repealed by Colo. Const. art X, § 20?
No. Colo. Const. art. X, § 20 retains existing statutory formulas if they result in more restrictive increases in levies and assessments.
ANALYSIS
Colo. Const. art. X, § 20, was approved by Colorado voters on November 3, 1992 and became effective on December 31, 1992. This provision imposed new spending and revenue limitations on state and local governments. Now, the maximum annual percentage change in a local government's fiscal year spending equals inflation in the prior calendar years plus annual local growth, adjusted for voter approved revenue changes, exemptions and credits which will reduce or end business personal property taxes, and reductions in local participation in state-mandated programs. Colo. Const. art. X, § 20(7)(b).
The maximum annual percentage change in a local government's property tax revenue equals inflation in the prior calendar year plus annual local growth, adjusted for voter-approved property tax revenue changes, exemptions and credits which will reduce or end business personal property taxes, and reductions in local participation in state-mandated programs. Colo. Const. art. X, § 20(7)(c). Local growth for all political subdivisions, except school districts, is "a net percentage change in actual value of all real property in a district from construction, minus destruction of similar improvements, and additions to, minus deletions from taxable real property." Colo. Const. art. X, § 20(2)(g).
These formulas are the "maximum" percentage changes. Statutory or constitutional limitations which existed prior to the passage of art. X, § 20 and which are more restrictive than the limitations contained in art. X, § 20 remain in effect. Colo. Const. art. X, § 20(1).
Section 29-1-301, C.R.S. (1986 1992 Supp.) was in effect at the time that art. X, § 20 was passed. Section 29-1-301
governs statutory tax levies. A taxing entity may impose a levy which is not greater than the amount of revenue that was levied in the preceding year plus 5.5%, plus the amount of revenue abated or refunded by the taxing entity by September 1 of the current year less the amount of revenue received by the taxing entity by September 1 of the current year as taxes paid on any taxable property which has previously been omitted from the assessment roll of any year. Section 29-1-301(1)(a).[1]
When applying § 29-1-301(1)(a), all of the additional permitted items are totalled. The prior year's mill levy is applied to the total of the additional items. The theoretical revenue derived from multiplying the mill levy and the additional items is then added to the actual revenue which was received from the mill levy in the prior year. This total is then increased by 5.5%.
In some years, the statutory formula will result in less growth than the constitutional formula. In other years, the statutory formula will result in greater growth. Because the statutory formula may result in greater growth, you ask whether the statutory formula has been impliedly repealed by art. X, § 20. For the reasons stated herein, I conclude that §29-1-301 does not conflict with art. X, § 20.
Article X, § 20 does not establish the only formulas for fiscal year spending and property tax revenues. Instead, the formulas are maximum calculations. Other limits which may be more restrictive are incorporated into the amendment. Article X, § 20(1). If the formulations in § 29-1-301 are more restrictive than the formula in art. X, § 20, then the statutory formulation must be applied. If the constitutional formula is more restrictive, then it controls.[2] As a practical matter, the revenue and spending calculations must be completed pursuant to both art. X, § 1 and § 29-1-301 to determine which is more restrictive.[3]
 SUMMARY
Section 29-1-301 was not repealed by art. X, § 20. Taxing entities which are governed by § 29-1-301 must compute the spending limits under both § 29-1-301 and art. X, § 20 and then choose the one which is more restrictive.
 GALE A. NORTON Attorney General
 MAURICE G. KNAIZER Deputy Attorney General
TAXATION AND REVENUE COUNTIES MUNICIPAL CORPORATIONS
Colo. Const. art. X, § 20
Section 29-1-301, C.R.S. (1986 1992 Supp.)
LOCAL AFFAIRS, DEPARTMENT OF
Section 29-1-301 was not repealed by art. X, § 20. Taxing entities which are governed by § 29-1-301 must compute the spending limits under both § 29-1-301 and art. X, § 20 and then choose the one which is more restrictive.
[1] The statute contains certain exceptions for payment of bonds and contractual obligations which have been approved by a majority of the qualified electors of the taxing entity. It also creates certain exclusions for increased valuation for assessment attributable to certain types of primary oil and gas production. Section 29-1-301(1)(b) and (d), C.R.S. (1992 Supp.).
[2] Article X, § 20 states that existing limitation can be weakened only by future voter approval (emphasis added). Colo. Const. art. X, § 20(1). Thus, § 29-1-301
can be altered only at elections held subsequent to November 2, 1992.
[3] The mathematical formula used by the Department of Local Affairs to implement § 29-1-301 cannot be substantially altered. It is assumed that the voters incorporated §29-1-301 as it was implemented on November 2, 1992.